IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,246-02






EX PARTE DRAKE LAFAYETTE WILLIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0824020-T IN THE 283RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to forty years' imprisonment. The Fifth Court of Appeals affirmed
his conviction. Willis v. State, No. 05-09-00537-CR (Tex. App.-Dallas, June 22, 2010).

 Applicant contends, inter alia, that the State withheld exculpatory evidence from the defense. 
He alleges that the State failed to provide certain phone calls recorded while he was incarcerated
during which the complainant allegedly recanted her allegations. He also alleges that the State
suppressed portions of witness statements and failed to provide a copy of a psychological evaluation
done on the complainant's mother pursuant to an order from the trial judge.

 Applicant has alleged facts that, if true, might entitle him to relief. Brady v. Maryland, 373
U.S. 83 (1963); Ex parte Kimes, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the State
turned over all potentially exculpatory information to the defense. The trial court will determine
whether all phone recordings from the time when Applicant was incarcerated prior to trial were
provided to the defense. The trial court shall determine whether any witness statements were not
turned over to the defense, and whether the defense received a copy of any psychiatric evaluation
done on the complainant's mother pursuant to an order from the trial judge. If any of this
information was not released to the defense, the trial court shall determine whether that information
was in the possession of the prosecution, favorable to the defense, and material to the outcome of
trial. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: June 27, 2012

Do not publish